**Charles A. L. ALMOND, Appellant,**

v.

**Jack DAVIS, Director; Robert F. Zahradnick, Warden; Carl Atkinson, Assistant Warden; Sue Kennedy, Deputy Warden; Captain Bullock, Jr.; Sergeant Stroble; K. L. Woods, Appellees.**

**Phillip Gray PATTERSON, Appellant,**

v.

**Jack DAVIS, Director of the Division of Corrections, individually and in his official capacity; C. M. Huskey, Chairman of the Institutional Classification Committee and the members of the I.C.C., individually and in their official capacities; Lieutenant Seay, Officer in Charge of C Building and Lieutenant Scites, individually and in their official capacities, Appellees.**

**Nos. 78–6273, 79–6132.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 13, 1980.

Decided Feb. 5, 1981.

Ellen K. Pirog, Richmond, Va. (Hall & Hall, Richmond, Va., on brief), for appellants.

Alan Katz, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., James T. Moore, III, Asst. Atty. Gen., Richmond, Va., on brief), for appellees.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and PHILLIPS, Circuit Judge.

PER CURIAM:

The only issue presented in these consolidated appeals is whether the prisoner-plaintiffs were denied meaningful access to the courts by the failure of the Virginia authorities to provide them with adequate legal assistance under the statutory program which was approved by us in *Williams v. Leeke*, 584 F.2d 1336 (1978), *cert. denied*, 442 U.S. 911, 99 S.Ct. 2852, 61 L.Ed.2d 276 (1979), as an acceptable alternative to an adequate law library which was mandated by the Court in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

No. 78–6273

## CHARLES A. L. ALMOND

On February 17, 1977, Charles A. L. Almond, who was then an inmate of the State Penitentiary, filed this civil rights action under section 1983 alleging, among other things, that he had been denied his constitutional right of access to the courts by the failure of the State to provide him with either access to an adequate law library or adequate legal assistance in the pursuit of his grievances. Thereafter, on April 9, 1977, the plaintiff was transferred to the Mecklenburg Correctional Center. The defendants filed a motion for summary judgment, and upon the failure of the plaintiff to file a response, the United States Magistrate issued an opinion on August 4, 1977, denying all of the plaintiff's claims.

On August 25, 1977, the plaintiff wrote a letter to the district court in which he stated that he desired to appeal from the magistrate's opinion and, for the first time, informed the court that he could neither read nor write. In the light of this information, the district court issued an opinion

and order requesting that the defendants respond to the plaintiff showing what means of legal assistance was available to an illiterate inmate. Thereafter, on January 10, 1978, the district court entered another opinion and order which denied the defendants' motion for summary judgment and referred the case to the United States Magistrate for an evidentiary hearing on the issue of whether the plaintiff was being afforded reasonable access to the courts. On January 16, 1978, the district court entered an order appointing counsel to represent the plaintiff in these proceedings. A hearing was held on February 24, 1978, during which the Magistrate heard the testimony of the plaintiff and two other inmates who had assisted the plaintiff in legal matters from time to time at the Correctional Center. Edward Falcon Hodges, an attorney who had been appointed to assist prisoners in legal matters testified on behalf of the defendants. He stated that he visited the Center on an average of twice a week and that he was prepared to assist inmates in preparing petitions and complaints, but would not file them as attorney of record; that he first learned that Almond wished to see an attorney on December 15, 1977, and he saw the plaintiff on December 29th. According to Hodges he and the plaintiff discussed a number of subjects, none of which were of a legal nature. Hodges further testified that the plaintiff never asked him any specific legal questions, and that because Almond could neither read nor write, he would have been willing to type the necessary papers for the plaintiff but would have been unwilling to make an appearance as counsel of record. Hodges testified that he was available and prepared to do the necessary research to provide an answer to any legal question which an inmate might have. In addition to Hodges, a counselor and assistant superintendent of the Correctional Center testified on behalf of the defendants.

Based upon the evidence presented at the hearing, the Magistrate made detailed findings of fact and found, *inter alia,* that Hodges was acting as an attorney to assist inmates at the Correctional Center pursuant to the provisions of the Virginia Code, and that while Hodges was not prepared to file actions on behalf of the inmates, he was ready to provide legal advice to any inmate on specific legal problems or questions relative to the conditions of his incarceration or the legality of his detention. Based upon his factual findings, the Magistrate concluded that the adequacy of the law library at the Correctional Center was not at issue, but that the availability of an attorney who was ready to render legal assistance to the inmates was an adequate substitute for a library and provided Almond with meaningful access to the courts within the principles of *Bounds v. Smith, supra.* The plaintiff filed objections to the proposed opinion of the Magistrate which were considered by the district court, and thereafter the court entered an order adopting the opinion of the Magistrate and dismissing the plaintiff's action.

The only substantial issue on this appeal involves an alleged delay of six months from June until December of 1977, during which time the plaintiff contends he was denied any adequate legal assistance at the Correctional Center. As a threshold matter, we note that the plaintiff's action was filed while he was an inmate at the State Penitentiary, and the thrust of his original complaint was directed to conditions at that facility. However, the parties have treated the issues with respect to the Mecklenburg Center as viable ones, and since they were, in fact, litigated we are treating them as the basis for our review upon this appeal.

The factual background of this six month delay is somewhat confused. It appears that in June of 1977 Gene Johnson, the superintendent of the Center, received a request from Almond that another inmate be permitted to assist him in typing legal materials, and incident to his consideration of this request, the superintendent instructed that the plaintiff's name be placed on the list to see the statutory attorney. Johnson did not testify before the Magistrate, but in an affidavit filed in support of the defendants' motion for summary judgment, he stated that Almond's name was omitted

from the list due to some error or oversight. The Magistrate made a specific finding that Almond's name was, in fact, placed on the list pursuant to Johnson's direction. In his memorandum opinion, however, the district judge noted that there was a conflict in the evidence as to whether Almond's name was omitted from the list due to some oversight, and observed that this conflict had been resolved by the Magistrate in favor of the defendants. It appears to us that the Magistrate made a contrary finding, and other than Johnson's affidavit, we fail to find anything in the record which would support the conclusion of the district court that the omission was due to a clerical error. Johnson, as we have noted, did not testify before the Magistrate and the statement in his affidavit would not be appropriate to support the district court's determination.

■ If, in fact, Almond's name was placed on the attorney's list, the delay of six months would warrant the conclusion that there was a purposeful denial of the plaintiff's constitutional rights. On the other hand, if the plaintiff's name was omitted from the list as a result of mere clerical oversight, the conclusion of the district judge on this point would be justified. Under the circumstances, it occurs to us that a remand is necessary for the purpose of further development of the evidentiary record on this issue.

While the record indicates that after being advised of the plaintiff's illiteracy, the court below took commendable steps to provide this unfortunate plaintiff with adequate representation, the case is remanded for further proceedings to clarify and determine the reason for the delay.

### No. 79-6132

### PHILLIP GRAY PATTERSON

■ Phillip Gray Patterson filed a section 1983 action challenging certain conditions and procedures incident to his confinement in the Virginia State Penitentiary, including the adequacy of the access to legal materials afforded prisoners in the maximum security unit. The district court entered summary judgment in favor of the defendants. Upon appeal, we affirmed the

district court with the exception of the charge that the State had failed to provide Patterson with adequate legal assistance as required by *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Noting that Section 53-21.2 of the Code of Virginia facially provides an adequate substitute for a law library, we held that Patterson had stated a claim for relief in his charge that counsel were not, in fact, available to assist inmates in the preparation of civil rights cases. Accordingly, we remanded the case to the district court on this issue.

Upon remand, the State again filed a motion for summary judgment which was accompanied by affidavits and exhibits. After Patterson had filed a response and counter-affidavits, the Magistrate issued a memorandum opinion and order in which he found that genuine issues of material fact were in dispute as to whether attorneys appointed pursuant to the Virginia Code provision provided a viable alternative to access to an adequate law library as mandated by *Bounds*. Thereafter, the Magistrate conducted a full hearing, during the course of which he heard the testimony of the plaintiff as well as two attorneys who had been appointed to assist inmates pursuant to the Virginia Code at the State Penitentiary and the Mecklenburg Correctional Center, respectively.

Based upon this testimony, the Magistrate made findings of fact which may be summarized as follows: Patterson was confined in C-cell building at the Penitentiary from December 6, 1976, through March 31, 1977, and because of his custody status did not have access to the prison law library. He was, however, offered the services of an attorney pursuant to the Virginia Code and the attorney rendered assistance by researching issues of law for the plaintiff and by furnishing him with copies of some of the latest slip opinions from the United States Supreme Court. The plaintiff was transferred to the Mecklenburg Correctional Center on March 31, 1977, where the law library was concededly constitutionally inadequate. Shortly after the plaintiff arrived at the Mecklenburg Center, he met

with E. Falcon Hodges, who served as attorney to assist the inmates pursuant to the Virginia Code, and was advised by Hodges that he would assist the plaintiff by giving him legal advice. The plaintiff never requested any advice from Hodges with regard to possible questions of law, but demanded copies of cases which he desired to use. Hodges declined to furnish such copies but stated his willingness to advise the plaintiff.

Upon these factual findings, the magistrate concluded that the plaintiff did not have an adequate law library available to him either at the State Penitentiary or the Correctional Center, but that he was afforded access to attorneys appointed pursuant to the provisions of the Code of Virginia who were ready and willing to advise him at all times. Upon receipt of the Magistrate's memorandum opinion, the district judge permitted the parties to file objections, and after considering such objections, the district court concluded that the service of the attorneys appointed by the State to assist prisoners complied with the requirements of *Bounds*, and, accordingly, the court adopted the Magistrate's findings and entered judgment in favor of the defendants.

Upon consideration of the record, the briefs and oral arguments, we cannot say that the findings of the district court are clearly erroneous and, accordingly, its conclusion that the legal assistance which was available to Patterson was a viable alternative to the requirement of a law library is supported by the record. Accordingly, the judgment in favor of the defendants in Patterson's case is affirmed.

No. 78–6273, REMANDED.

No. 79–6132, AFFIRMED.