808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald McGILL, Appellant,
v.
Kevin McGINNIS; Paul Hill; Frank Loftis, in their
individual and official capacities, Appellees.
 No. 85-6459.
 United States Court of Appeals, Fourth Circuit.
 Argued July 17, 1986.
Decided Dec. 29, 1986.
 
 Before WIDENER, HALL and MURNAGHAN, Circuit Judges.
 William T. Toal (Johnson, Toal & Battiste, P.A. on brief), for appellant.
 William H. Davidson, II; Nauful & Ellis, P.A.; (David G. Morrison, Nauful & Ellis, P.A. on brief), for appellees.
 PER CURIAM:
 
 
 1
 Ronald McGill appeals from dismissal by the United States District Court for the District of South Carolina of his pro se civil rights suit, alleging deprivation of civil rights during pre-trial detention in the Greenville County Detention Center in South Carolina. McGill first contends that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment, when he was held in the detoxification unit rather than a regular cell for a significant period of time. Second, he claims denial of the right of access to the courts, because prison authorities did not permit him to make use of the prison legal library, and did not permit him to retain a personal copy of a prisoner's litigation manual in his cell.
 
 
 2
 McGill's suit was dismissed on summary judgment. Summary judgment "should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979), quoting Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir.1950). The burden is on the moving party to show that there is "no genuine issue as to any material fact" and that he is "entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). In determining whether this showing has been made, we must assess the evidence set out in the documentary materials before the district court in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).
 
 
 3
 McGill's objection to dismissal on the issue of incarceration is without merit. He argues that conditions in the detoxification unit were so offensive that being held in the unit rather than in the regular cells for a period of longer than thirty days constituted cruel and unusual punishment, in violation of the Eighth Amendment. McGill has failed, however, to offer any evidence of cruel and unusual conditions, other than to claim that the lights were on at all times and that he was allowed out of the cell for only fifty-five minutes each day. Appellant can offer only assumptions in his brief in order to bolster the argument that the detoxification unit was a horrific environment. ("It is not inconceivable that nausea, bad smells and drunken rowdiness were encountered constantly.") The lack of hard evidence, coupled with McGill's failure to complain or to request a transfer at any time, indicates that the detoxification unit was no more than mildly burdensome. The grant of summary judgment was appropriate.
 
 
 4
 On the second argument, McGill fares no better. The Supreme Court has held that prisoners have a right to reasonable access to the courts, for instance, to redress wrongs in the conditions of incarceration. Bounds v. Smith, 430 U.S. 817, 828 (1977) held:
 
 
 5
 [T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.
 
 
 6
 A state can provide either access to a law library or access to a lawyer. See Almond v. Davis, 639 F.2d 1086 (4th Cir.1981) (remand to consider whether state provided access to an adequate law library or legal assistance).
 
 
 7
 An attorney was assigned to McGill for purposes of defending against state criminal charges in South Carolina. The attorney apparently declined to give McGill advice on other legal matters, charges pending in other states and extradition. McGill then requested access to the law library or law books, and the request was denied. Prison officials explained that because he was represented by counsel, by policy of the prison, he could not then make use of the law library as well.[1]
 
 
 8
 Had it been the case that McGill was barred for an extended time from use of the library, or that he had sought to use the library to litigate the circumstances of his incarceration, a different disposition might be in order now. However, at most, McGill suffered only a minor delay before he was transferred to a facility in which he was given access to the law library in order to research issues pending in cases in other states. Though McGill suffered undoubted inconvenience, the district court's denial of relief was appropriate.
 
 
 9
 In like fashion, the confiscation of McGill's prisoner's litigation manual does not present a denial of civil rights. Regulation of personal property within the cell is properly an area of regulation by prison authorities.
 
 
 10
 [T]he due process rights of prisoners and pretrial detainees are not absolute; they are subject to reasonable limitation or retraction in light of the legitimate security concerns of the institution.
 
 
 11
 Bell v. Wolfish, 441 U.S. 520, 554 (1979). McGill arranged for the prisoner's litigation manual to be given to his sister, and he could well have gained access to the information in the manual through her.
 
 
 12
 The appellant's arguments lack merit, and the decision of the district court dismissing his claims is
 
 
 13
 AFFIRMED.
 
 
 14
 FN1 The prisoner's handbook states that a prisoner "may make a request for access to the legal library in certain cases, when [the prisoner does] not have an attorney to assist...."